# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CA-01008-COA

**GREATER NEW HAMILTON GROVE BAPTIST**         **APPELLANTS**
**CHURCH AND TOMMIE BURNS**

**v.**

**HAMILTON GROVE MISSIONARY BAPTIST**         **APPELLEE**
**CHURCH**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/19/2025 |
| TRIAL JUDGE: | HON. TAMETRICE EDRICKA HODGES |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | KENYA REESE MARTIN |
| ATTORNEYS FOR APPELLEE: | AMORYA MYONNA ORR |
| | MICHAEL D. SIMMONS |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | APPEAL DISMISSED - 07/28/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McCARTY AND LASSITTER ST. PÉ, JJ.**

**LASSITTER ST. PÉ, J., FOR THE COURT:**

¶1. Hamilton Grove Missionary Baptist Church (the Appellee) sought a temporary restraining order (TRO) in Hinds County Chancery Court to enjoin Greater New Hamilton Grove Baptist Church and Tommie Burns (the Appellants) from burying a decedent in a disputed cemetery. The chancery court granted the TRO and set a hearing for a preliminary injunction. Despite this order, the Appellants proceeded with the burial and moved to dismiss the TRO, arguing that the chancery court lacked subject matter jurisdiction. Following a hearing at which the Appellants did not appear, the chancery court granted the preliminary injunction. The chancery court set a hearing on a permanent injunction and the Appellants'

motion to dismiss.

¶2. At the hearing, the Appellee conceded that ownership of the cemetery at issue was still in dispute and announced it had no objection to dissolving the preliminary injunction, forgoing a permanent injunction. The chancery court entered an order dissolving the preliminary injunction "due to the new evidence presented by both parties" and dismissing the matter without prejudice.

¶3. The Appellants appealed, arguing that the chancery court lacked jurisdiction over the matter due to the ecclesiastical abstention doctrine and that the matter should have been dismissed with prejudice. However, because the original matter—the injunction—has been dissolved, there is no live controversy. We have repeatedly held that "[c]ases in which an actual controversy existed at trial but the controversy has expired at the time of review, become moot. We have held that the review procedure should not be allowed for the purpose of settling abstract or academic questions, and that we have no power to issue advisory opinions." *J.E.W. v. T.G.S.*, 935 So. 2d 954, 959 (¶14) (Miss. 2006) (quoting *Monaghan v. Blue Bell Inc.*, 393 So. 2d 466, 466-67 (Miss. 1980)). As a result, "[t]his Court will not adjudicate moot questions." *Id.*

¶4. **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR.**